IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DARRYL W. HANKINS,<br><br>Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:15-cv-00091-PMW<br><br>Chief Magistrate Judge Paul M. Warner |

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to have Chief United States Magistrate Judge Paul M. Warner conduct all proceedings in this case, including trial, entry of final judgment, and all post-judgment proceedings.[2] Plaintiff Darryl W. Hankins ("Plaintiff"), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the determination of the Acting Commissioner of Social Security ("Commissioner") that he is entitled to disability benefits only after October 7, 2013, and not for the period from March 30, 2011, through October 7, 2013. After careful review of the administrative record, the parties' briefs, and the relevant law, the court finds no reversible legal error and concludes that the Commissioner's decision is supported by substantial evidence. The decision is therefore **AFFIRMED**.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action. *See* Dkt. No. 32.

[2] Dkt. No. 9.

## BACKGROUND

On November 6, 2009, Plaintiff first filed an application for Social Security disability insurance benefits, alleging disability beginning June 1, 2009.[3] On July 29, 2011, the Social Security Administration's Administrative Law Judge ("ALJ") Mark R. Dawson ("ALJ Dawson") denied Plaintiff's application, finding that Plaintiff was not disabled.[4] On July 17, 2013, the Social Security Appeals Council granted Plaintiff's Request for Review of ALJ Dawson's decision, vacated the hearing decision, and remanded the case for further proceedings.[5] A new hearing was held on November 20, 2013, before ALJ Robin L. Henrie (hereinafter, the "ALJ").[6] On January 31, 2014, the ALJ issued a decision finding that Plaintiff was disabled beginning on October 7, 2013.[7] Plaintiff filed a Request for Review of the ALJ's decision on March 18, 2014 (the "2014 Request for Review").[8] In the 2014 Request for Review, Plaintiff amended his date of onset of disability to March 30, 2011, and requested review only of that part of the ALJ's decision finding that Plaintiff was not disabled between March 30, 2011, and October 7, 2013.[9]

---

[3] *See* Dkt. No. 19, Administrative Record ("AR") at 296, 305.

[4] *See* AR at 161–176.

[5] *See id*. at 177–182.

[6] *See id*. at 41–121.

[7] *See id*.at 23–35.

[8] *See id*. at 16–22.

[9] *Id*. at 19.

2

The Appeals Council denied the 2014 Request for Review.[10] Accordingly, the ALJ's decision is the final disposition of the Commissioner and is ripe for judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Plaintiff was 50 years old when he first claimed disability due to generalized osteoarthritis; limited movement in bending and lifting; cramping in hands, feet, and calves; inability to move quickly; and severe, constant pain in all joints, hip, and spine.[11] On March 30, 2011, the amended date of onset of disability, Plaintiff was 52 years old. Plaintiff has past relevant work as a sider.[12]

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 7, 2013, and has done no work since he sold his rock and gem store in 2011.[13] At step two, the ALJ recognized that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine and degenerative joint disease of the hips.[14] At step three, the ALJ concluded that Plaintiff did not meet a listing.[15] In assessing Palintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff had the RFC to perform the full range of light, unskilled work, but such work could not have required:

---

[10] *Id*. at 10–15.

[11] *See* AR at 354.

[12] *Id*. at 33.

[13] *Id*. at 29.

[14] *Id.*

[15] *Id*. at 30.

1. Lifting more than 5-8.5 pounds at a time, on more than an occasional basis (where occasional means from very little to up to 1/3rd of the day);

2. Lifting and carrying articles weighing more than 3-5 pounds, on more than an occasional basis;

3. Standing or walking more than 30 minutes at one time, nor more than 6 total hours in an 8 hour day, with a cane option for walking;

4. Sitting more than 30 minutes at one time, nor more than 2 total hours in an 8 hour day;

5. More than occasional stooping, bending, twisting, or squatting;

6. Working on the floor (e.g. no kneeling, crawling, or crouching);

7. Ascending or descending full flights of stairs (but a few steps up or down not precluded);

8. Overhead lifting or overhead reaching;

9. More than frequent reaching, frequent handling, frequent fingering, or any duties requiring feeling;

10. Working in other than a clean, climate controlled environment, in particular no work in the sun;

11. Working around dangerous unprotected heights, machinery or chemicals;

12. Working in an area without a restroom nearby for quick access and claimant must have the option to take the maximum number of restroom breaks allowed;

13. Working at more than a low stress level, where low stress level means a low production level, no working with the general public, only occasional contact with supervisors and co-workers, and only occasional changes in a routine work setting;

14. Working at more than a low concentration level; and

15. Any foot control work duties.[16]

---

[16] AR at 30–31.

The ALJ also noted that with respect to the standing/walking and sitting requirements, "claimant would have required the option to make the postural changes noted above . . . thus there must have been an option to perform work duties while standing/walking or sitting[.]"[17] Moreover, the ALJ explained that the low stress and low concentration limitations were due to the effects of pain on Plaintiff's body.[18]

The ALJ concluded at step four that since June 1, 2009, Plaintiff could not perform his past relevant work.[19] At step five, the ALJ concluded that "[p]rior to October 7, 2017 . . . considering the [Plaintiff's] age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the [Plaintiff] could have performed. . . ."[20] However, on October 7, 2013, Plaintiff's age category changed.[21] The ALJ concluded that beginning on that date "considering the [Plaintiff's] age, education, work experience, and [RFC], there [were] no jobs that exist in significant numbers in the national economy that the [Plaintiff] could perform."[22] Therefore, the ALJ found that beginning on October 7, 2013, Plaintiff became disabled.[23]

---

[17] *Id*. at 30.

[18] *Id.* at 31.

[19] *Id.* at 33.

[20] *Id.* at 34.

[21] *Id*. at 35.

[22] *Id*.

[23] *Id.*

On July 22, 2015, Plaintiff filed his complaint in this case.[24] On August 4, 2016, the Commissioner filed an answer and a copy of the administrative record.[25] Plaintiff filed his opening brief on March 15, 207.[26] The Commissioner filed an answer brief on May 8, 2017.[27] Plaintiff did not file a reply brief.

## STANDARDS OF REVIEW

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been

---

[24] Dkt. No. 2.

[25] Dkt. Nos. 17, 19.

[26] Dkt. No. 25.

[27] Dkt. No. 29.

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4). The five step sequential disability determination is as follows:

> 1. If the claimant is performing substantial gainful work she is not disabled.
>
> 2. If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.
>
> 3. If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.
>
> 4. If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her [RFC] and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. § 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51. The claimant bears the burden of proof beginning with step one and ending with step four. *See Williams*, 844 F.2d at 750–51; *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his [or her] age, education, and work

experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(v).

**DISCUSSION**

Plaintiff appeals only that part of the ALJ's decision determining the onset date of Plaintiff's disability as October 7, 2013.[28] Plaintiff's opening brief alleges three flaws in the ALJ's decision. The first two relate to the ALJ's RFC analysis, and the third relates to the ALJ's finding at step five. First, Plaintiff alleges that the ALJ's findings regarding Plaintiff's credibility were not supported by substantial evidence.[29] Second, Plaintiff argues that the ALJ's determination of Plaintiff's RFC improperly failed to include limitations related to his concentration problems, and failed to adequately consider limitations related to Plaintiff's ability to use his hands and fingers.[30] Third, Plaintiff contends that the ALJ erred by relying on only the first of three hypotheticals given to the vocational expert at the hearing.[31] Plaintiff argues that had the ALJ properly considered the evidence and testimony, he would have found that Plaintiff was disabled beginning on March 30, 2011.

The court has carefully reviewed the administrative record and finds that Plaintiff has failed to provide the court grounds on which to overturn the decision of the Commissioner. The

---

[28] Dkt. No. 25 at 9.

[29] *Id.* at 10.

[30] *Id*. at 15–16.

[31] *Id*. at 16–18.

8

court finds that the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

## I. The ALJ's RFC Analysis.

RFC is "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545. When assessing a claimant's RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (emphasis omitted) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). RFC is based on all the evidence in the record, not just medical opinions, lay witness statements, or a claimant's testimony. *See* 20 C.F.R. § 404.1545(a)(3).

### a. Plaintiff's Credibility

Plaintiff asserts that the ALJ's findings regarding his credibility are not supported by substantial evidence. On review of a decision by the Commissioner, the court defers to the "ALJ as trier of fact" because he or she is "the individual optimally positioned to observe and assess witness credibility." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (citation omitted). The court will uphold the ALJ's credibility determinations as long as they are supported by substantial evidence. *See Carson v. Barnhart*, 140 F. App'x 29, 34 (10th Cir. 2005) (unpublished). Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when evaluating the credibility of an individual's statements, including his or her allegations of pain. *See* SSR 96-7p. In addition to the objective medical evidence, an ALJ should consider the following factors when assessing the credibility of an individual's statements:

9

>    1. The individual's daily activities;
>
>    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
>    3. Factors that precipitate and aggravate the symptoms;
>
>    4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
>    5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
>    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
>    7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. §§ 404.1529(c) 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993). The ALJ's credibility determinations "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

With this standard in mind, the court finds no error in the ALJ's determination that Plaintiff's allegations regarding the severity of his symptoms were not fully credible for the earlier part of the relevant time period.[32] The ALJ did not find Plaintiff's severe and extreme allegations regarding his symptoms and limitations fully credible as to the earlier part of the relevant period, primarily because they were out of proportion to and not reasonably consistent with the medical record and all other evidence.[33] For example, the ALJ considered an orthopedic clinic note from March 2011 which showed restricted spinal range of motion, no spinal

---

[32] *See* AR at 32.

[33] *Id.*

tenderness, full range of motion of the hips, and symmetric strength.[34] The ALJ also considered Plaintiff's testimony that he was much less symptomatic in the earlier part of the relevant time period, which the ALJ found was substantiated by the record because Plaintiff had received an injection that improved his symptoms for about a year.[35] And, the ALJ found that the Plaintiff's alleged symptoms and limitations were consistent with later medical records, and found those allegations fully credible.[36]

In addition, the court finds that there is no error in the ALJ's reliance on the Plaintiff's lack of medical and nonmedical records between April 2011 and the end of 2012. The Tenth Circuit has indicated that an ALJ may properly consider "the extensiveness of the attempts (medical or nonmedical) to obtain relief, [and] the frequency of medical contacts" in determining the credibility of a claimant's pain testimony. *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988). Plaintiff argues that the lack of medical treatment during this time period was due to his lack of insurance. But, the record also indicates that in October 2013 the Plaintiff himself reported significant relief in the prior year, following an injection.[37] The court notes that Plaintiff's explanation for failure to seek medical treatment was considered by the ALJ in his decision, along with the objective medical evidence.[38]

---

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Id.* at 32.

[38] *Id.* at 33.

For all the foregoing reasons, the court finds that the ALJ's determination of the Plaintiff's credibility is supported by the substantial evidence.

      b.   <u>Concentration and Reaching Limitations</u>

Plaintiff also argues that the ALJ's RFC finding is flawed because (1) the ALJ did not adequately address Plaintiff's concentration limitations, and (2) the RFC finding is "internally inconsistent" with respect to Plaintiff's reaching, handling, and fingering limitations.

First, Plaintiff argues that the ALJ's RFC finding regarding concentration limitations did not address or include how long Plaintiff would be able to concentrate and stay on task. To the contrary, the ALJ's RFC finding specifically noted that Plaintiff could not have been required to work at "more than a low concentration level, which means the ability to be alert and attentive to (and to adequately perform) only unskilled work tasks[.]"[39] Moreover, the ALJ noted that these limitations were due to the effects of pain on Plaintiff's body and mind.[40] Therefore, Plaintiff's argument is without merit, and the court finds that the ALJ's conclusions regarding Plaintiff's concentration limitations in the RFC are supported by substantial evidence.

Second, Plaintiff argues that the RFC's limitation on no more than frequent reaching, handling, and fingering was a "mistake"[41] and "internally inconsistent . . . in light of Plaintiff's testimony."[42] Beyond a passing mention of Plaintiff's testimony, Plaintiff does not explain how

---

[39] *Id.* at 31.

[40] *Id.*

[41] Dkt. No. 25 at 14 n. 1.

[42] *Id.* at 16.

the ALJ's finding was internally inconsistent or mistaken. As noted above, the RFC is based on all the evidence in the record, not just medical opinions, lay witness statements, or a claimant's testimony. *See* 20 C.F.R. § 404.1545(a)(3). The ALJ noted that "[i]n making this [RFC] finding the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[.]"[43] Where the Plaintiff's testimony is inconsistent with the medical records, the ALJ is not required to rely on the Plaintiff's testimony. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1376 (10th Cir. 1992); 20 C.F.R. § 404.1529(c)(4).

Here, the ALJ did not find the Plaintiff's testimony fully credible regarding the earlier part of the relevant period. And, by October 2013, when Plaintiff's symptoms had worsened and the ALJ found the Plaintiff's testimony regarding his symptoms fully credible, the medical record does not include a doctor's opinion limiting reaching, handling, or fingering limitations.[44] Specifically, the medical record of an orthopedic clinic visit on October 30, 2013 indicates no reported "changes in fine motor skills in the hands[;]" "full, painless range of motion of the shoulders, elbows, and wrists[;]" and, that "[m]otor strength testing was 5/5 bilaterally in the deltoids, biceps, triceps, wrist flexors, wrist extensors, and intrinsic hand muscles."[45] Therefore, the court finds that the ALJ's RFC findings regarding reaching, handling, and fingering functional limitations are supported by substantial evidence.

---

[43] AR at 31.

[44] *See id.* at 513–20.

[45] *Id.* at 517, 518.

## II. The ALJ's Step Five Finding.

Plaintiff alleges that the ALJ's decision is not supported by substantial evidence because the ALJ presented three hypotheticals to the vocational expert at the hearing, and relied on only the first hypothetical in his decision. At step five, the ALJ concluded that even though Plaintiff could not perform his past relevant work as a sider, prior to October 7, 2013, "considering the [Plaintiff's] age, education, work experience, and [RFC], the [Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy."[46] In so concluding, the ALJ accepted the testimony of the vocational expert because "[n]o contrary evidence was presented."[47] The vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusions. *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990).

Although the ALJ is required to include in the hypothetical all the limitations supported by the record, the ALJ is "not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." *Bean v. Charter*, 77 F.3d 1210, 1214 (10th Cir. 1995). "By posing a particular hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations." *Ruth v. Astrue*, 369 F. App'x 929, 931 (10th Cir. 2010) (unpublished). *See also Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (finding that where "the hypothetical posed to the vocational expert did not set forth only impairments which had been accepted as true by the ALJ . . . [the vocational expert's] opinion was not binding on the ALJ").

---

[46] *Id.* at 35.

[47] *Id.*

Therefore, the ALJ was not required to include the additional limitations included in the second and third hypotheticals in the final determination of Plaintiff's RFC, or in his conclusion at step five. As discussed above, the ALJ's RFC determination was supported by substantial evidence. Because the limitations included in the RFC were adequately reflected in the first hypothetical, the ALJ's reliance on the vocational expert's response to the first hypothetical constitutes substantial evidence in support of the ALJ's determination at step five. *See Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (finding that where the ALJ's "findings [were] adequately reflected in the ALJ's hypothetical inquiries to the vocational expert, . . . the expert's testimony provided a proper basis for adverse determination of [the] case").

Finally, even assuming, as Plaintiff asserts, that Plaintiff's "physical and mental conditions, impairments, and limitations . . . were substantially the same in all important respects between March 30, 2011 and October 7, 2013" the ALJ's decision does not warrant reversal. Indeed, the ALJ found that Plaintiff became disabled within the meaning of the Social Security Act, not because his symptoms became so severe as to be disabling on October 7, 2013, but rather because his age category changed on that date and there were no longer jobs existing in significant numbers in the national economy that he could perform. In forming his conclusion regarding Plaintiff's RFC, the ALJ considered all of the medical evidence, including the record of the October 18, 2013 medical visit.[48] Consequently, the court finds that Plaintiff's argument is without merit and does not warrant reversal of the ALJ's decision.

---

[48] AR at 31.

## CONCLUSION

Based on the foregoing, the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2017.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge